FILED
2020 Sep-23  PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MELANIE PIPPIN,** ) | |
| ) | |
|     **PLAINTIFF,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **FRANKLIN COLLECTION** ) | |
| **SERVICE, INC., EXPERIAN** ) | |
| **INFORMATION SOLUTIONS,** ) | |
| **INC., EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC;** ) | |
| ) | |
|     **DEFENDANTS.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, MELANIE PIPPIN, by and through her undersigned counsel, and for her complaint against Defendants states as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq*. and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692, *et seq*.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p, and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Melanie Pippin, is over the age of nineteen (19) years and is a resident of the city of Athens in Limestone County, Alabama.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant, FRANKLIN COLLECTION SERVICE, INC. (hereinafter "FCS"), is a foreign corporation or other legal entity organized under the laws of the State of Mississippi with its principal place of business in Tupelo, Georgia. Plaintiff asserts that Defendant FCS is a debt collector as defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

4. As part of its debt collection business, FCS furnishes consumer credit information to credit reporting agencies such as Defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC.

5. Defendant EXPERIAN INFORMATION SOLUTIONS, INC.

(hereinafter "Experian") is an Ohio corporation with its principal place of business in California. Experian does and has, at all pertinent times, done business in this district.

6. Experian is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

7. Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax") is a Georgia Corporation with a principal place of business in the State of Georgia. Equifax does and has, at all pertinent times, done business in this district.

8. Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

9. Upon information and belief, Defendants Experian and Equifax are regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

10. Upon information and belief Experian and Equifax disburse consumer reports to third parties for monetary compensation.

11. All events herein occurred in this judicial district.

## STATEMENT OF FACTS

12. Plaintiff has an adult daughter named Marissa Groff.

13. Marissa Groff was involved in a car wreck on or about July 18, 2017. Plaintiff was not involved in that wreck.

14. Marissa Groff sought medical treatment for injuries sustained in that wreck on or about July 19, 2017 and was received treatment from a physician affiliated with Emergency Physicians Group also known as Huntsville Emergency Physicians.

15. For unknown reasons, Emergency Physicians Group also known as Huntsville Emergency Physicians caused a bill to be sent on or about August 15, 2017 to the Plaintiff for Marissa Groff's treatment. That bill was in the amount of $441.00 and incorrectly listed Plaintiff as the responsible party for the bill. The account number listed on that bill is GHTA1425764. Plaintiff did not incur this debt and has never owed this debt.

16. On or about February 20, 2018, FCS sent Plaintiff a collection letter. That letter referenced "HUNTSVILLE EMERGENCY PHYS" and referenced "client account number HTA1425764." The letter stated that the total amount due was $441.00 but that FCS was willing to

settle that debt for $352.80, representing a savings of $88.20. Plaintiff did not incur this debt and has never agreed to be responsible for this debt.

17. Plaintiff's daughter, Marissa Groff, had at this point retained counsel to represent her for the car wreck. As such, Plaintiff provided the FCS letter to her daughter who then provided it to her lawyer.

18. Marissa Groff's car wreck case resolved. Following that resolution, Marissa Groff's lawyer sent FCS a check on or about December 17, 2018 in the amount of $352.80 to satisfy the bill FCS was collecting on behalf of Emergency Physicians Group also known as Huntsville Emergency Physicians.

19. Plaintiff accessed her Experian credit report on February 28, 2020. Plaintiff accessed her Equifax credit report on March 19, 2020.

20. Plaintiff's Experian and Equifax credit reports were showing a trade line being reported by FCS that claimed Plaintiff owed it $88.00, that the original creditor was Huntsville Emergency Physicians and that the original balance was $441.00. Plaintiff's Equifax report further noted that the "date of first delinquency" was July 19, 2017.

21. On June 22, 2020, Plaintiff wrote to both Experian and Equifax

disputing that she owed the debt being reported by FCS. Along with her dispute letter, Plaintiff sent Experian and Equifax a copy of the August 15, 2017 statement for treatment given to Marissa Groff, a copy of the FCS collection/settlement letter, a copy of the cover letter sent by Marissa Groff's attorney to FCS and a copy of the check in the amount of $352.80 sent by Marissa Groff's lawyer to FCS..

22. Experian received Plaintiff's dispute letter and the documents enclosed with it in July 2020.

23. Equifax received Plaintiff's dispute letter and the documents enclosed with it on July 11, 2020.

### *RESULTS OF EXPERIAN'S REINVESTIGATION*

24. To date Experian has failed to respond to Plaintiff's June 22, 2020 dispute letter.

### *RESULTS OF EQUIFAX'S REINVESTIGATION*

25. On or about July 14, 2020, three days after receiving Plaintiff's dispute letter, Equifax responded to Plaintiff's dispute letter.

26. Equifax's response to Plaintiff was that the information Plaintiff disputed was updated but otherwise verified as accurate. The FCS debt was also alleged by Equifax to belong to the Plaintiff.

27. Despite Plaintiff's dispute and the evidence provided to Defendants Experian, Equifax, those Defendants failed to conduct a reasonable reinvestigation as requested by the Plaintiff and as required by FCRA.

28. This inaccurate information negatively reflected on Plaintiff, her financial responsibility as a debtor and her credit worthiness.

29. Additionally, FCS illegally attempted to collect the alleged debt by falsely reporting to the credit reporting agencies that Plaintiff was indebted to FCS despite her not owing the debt incurred by Marissa Groff.

30. Upon information and belief, despite the requirements of the Fair Credit Reporting Act, Equifax does not itself conduct reinvestigations of consumer disputes such as Plaintiff's, but rather outsources its legal duty to conduct reasonable reinvestigations of consumer disputes to a third-party entity located overseas in India.

31. The employees of this third-party entity are not directly trained by Equifax. Rather, Equifax provides training to managers of this third-party entity that are then tasked with training the employees who actually process reinvestigations.

32. Equifax has little to no control over the employees of this third-party

entity in India and assumes that the employees actually process reinvestigations can read the English language are appropriately trained to process consumer disputes in accordance with FCRA.

33. This system, which was intentionally put in place by Equifax to save Equifax money, inevitably leads to reinvestigations that violate the requirements of FCRA such as what occurred in this case.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT EXPERIAN

34. Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning the Plaintiff.

35. Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to FCS; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; by failing to

report the results of Experian's investigation to the Plaintiff within the time allowed under FCRA and by relying upon verification from a source they have reason to know is unreliable.

36. As a result of this wrongful conduct, action and inaction of Experian, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental anguish and emotional distress, physical pain and anguish, humiliation and embarrassment.

37. Experian's conduct was willful, rendering it liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

38. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT EQUIFAX

39. Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to

establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

40. This failure includes outsourcing reinvestigations to a third-party entity overseas under the assumption that the employees of that third-party entity are properly trained and are able to comply with the requirements imposed by FCRA with regard to conducting investigations of consumer disputes.

41. Equifax's negligent failure or intentional refusal to conduct an appropriate reinvestigation of Plaintiff's dispute violated 15 U.S.C. § 1681i(a)(1)(A).

47. Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to FCS; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

48. As a result of this wrongful conduct, action and inaction of Equifax, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

49. Equifax's refusal to perform an appropriate reinvestigation and, additionally, its intentional practice of outsourcing its obligations under FCRA was willful, rendering this Defendant liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax's conduct was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

50. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT THREE

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT NCS

51. FCS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Experian and Equifax inaccurate

information regarding the alleged account; by failing to fully and properly investigate the Plaintiff's dispute of the inaccurate FCS reporting; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Equifax and Experian; and by failing to correctly report results of an accurate investigation to all credit reporting agencies.

51. After receiving notification from possibly Experian and from Equifax about Plaintiff's disputed account, FCS did not contact any third parties other than the Defendant credit reporting agencies when investigating Plaintiff's dispute.  Further, FCS verified the Plaintiff's account to the Defendant credit reporting agencies in response to the Plaintiff's dispute it received from the Defendant credit reporting agencies.

52. As a result of FCS's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as physical, mental and emotional pain and anguish, humiliation and embarrassment.

53. FCS's conduct, action and inaction constituted willful violations of

the FCRA, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n. In the alternative, FCS negligently violated the FCRA entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

54. The Plaintiff is entitled to recover costs and attorney's fees from FCS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o

### COUNT FOUR
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT FCS

55. The foregoing acts and omissions of Defendant FCS and its employees and agents constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff.

56. FCS, both before and after being notified of Plaintiff's dispute, reported to Experian and Equifax that she owed a debt that she did not owe and was not responsible for paying in violation of 15 U.S.C § 1692e(2)(A), 1692e(10) and 1692f(1).

57. As a result of Defendant FCS's violations of the FDCPA, Plaintiff is

entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant FCS.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims of the Defendants, jointly and severally, statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary and as is allowed under FDCPA and FCRA.

### PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
FACSIMILE: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Melanie Pippin
110 Santana Drive, Apt. 50
Athens, AL 35611

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**FRANKLIN COLLECTION SERVICE, INC.**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**EQUIFAX INFORMATION SERVICES, LLC**
c/o Corporation Service Company, Inc.
641 South Lawrence St.
Montgomery, AL 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104